John H. Cooke, J.
This is a motion pursuant to CPLB 2215 and 3211 (subd. [a], pars. 2, 7, 8) for an order dismissing the claim upon the grounds that the court lacks jurisdiction of both subject matter as well as personal jurisdiction, and also that the claim fails to state a cause of action.
Oral arguments have been considered having been presented by both State and claimant as well as affidavits and the claimant’s brief in opposition to the motion.
The claim is for the .wrongful death of claimant’s deceased husband allegedly shot to death by agents of the State during the September, 1971 Attica State Prison uprising. The claim also includes allegations for damages to claimant’s decedent prior to his death, while being held hostage, for false imprisonment, pain and suffering and mental anguish.
During September of 1971, Herbert W. Jones,; Jr., claimant’s decedent, was being employed as an account clerk by *1035 the Department of Correction and, according to the claimant, was held hostage by the prisoners until September 13, 1971.
The claimant submits negligence on the part of the State in the prevention of the riot which the State allegedly had knowledge of as well as a failure to warn the decedent to leave the permises or to rescue him.
The State, in arguing the dismissal of the claim, cites section 9 of the Court of Claims Act, which limits the court to hear and determine claims against the State or claims by the State against a claimant, and does not authorize claims against individuals. That decedent was also a State employee and, as such, recovery is limited to the provisions as set forth in the Workmen’s Compensation Law. Further, the State urges upon the court that the State waiver of immunity, contained in section 8 of the Court of Claims Act does not include such public acts of its officers where such is of a governmental matter. The State also questions whether there could be a breach of duty under these circumstances which would give rise to damages.
The court agrees with the State’s argument that section 9 of the Court of Claims Act is not applicable to private individuals and, as to that portion of the claim, dismisses it with reference to Vincent Mancusi, Bussell G. Oswald and Henry F. Williams, individually named, for lack of jurisdiction.
The court is aware of the complexities facing the claimant in instituting the claim against the State, under present conditions. Even now, a full-scale investigation is under way having to do with the cause and circumstances of the Attica uprising. The claim is of a unique nature and the question of recovery is not a well-established matter of law. With these considerations in mind, the court feels that as much latitude as permitted be given in determining whether this claimant has a standing in court. Whether or not the actions of the State were of such a governmental nature as to preclude liability under section 8 of the Court of Claims Act, or whether liability can be founded upon holdings by the courts of this State, that activities of police officers are not “ governmental ” where injury was the result of negligence, assault or false imprisonment (Hayes v. State of New York, 6 Misc 2d 617; Waterman v. State of New York, 1 A D 2d 235, affd. 2 N V 2d 803) are all questions of fact to be determined. Whether there was prior knowledge creating a duty on behalf of the State to warn, protect or rescue the decedent is also factual, as is the question of scope of employment, and in the opinion of the court cannot be resolved upon a motion to dismiss.
*1036 There are no factual contradictions to the claim presently before this court. The State’s arguments are conclusive as to matters of law. The court holds that sufficient substance has been pleaded on behalf of the claimant; that the material facts in the claim are to be accepted as true and that a reasonable inference of liability has been established (Carnival Co. v. Metro-Goldwyn-Mayer, Inc., 23 A D 2d 75); and it is hereby ordered, that the motion, with reference to dismissal for lack of jurisdiction against individuals named herein, be granted and it is further ordered, that the motion, with reference to dismissing the claim for failure to state a cause of action, be denied.